No. 136          February 22, 2024          187

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. C.,
*Appellant.*

Umatilla County Circuit Court
23JU00496; A182029 (Control)

In the Matter of G. A. J., aka G. A. J., aka G. A. J., aka G. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. C.,
*Appellant.*

Umatilla County Circuit Court
23JU00497; A182030

In the Matter of B. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. C.,
*Appellant.*

Umatilla County Circuit Court
23JU00498; A182031

Robert W. Collins, Jr., Judge.

Submitted January 30, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Mother appeals the judgments of the juvenile court taking dependency jurisdiction over her children G, B, and A. She challenges jurisdiction in eighteen assignments of error. Together they pose the question whether the evidence, when supplemented by permissible derivative inferences and when considered in the light most favorable to the juvenile court's judgments, was sufficient to support the court's conclusions. *Dept. of Human Services v. M. K.*, 285 Or App 448, 450, 396 P3d 294, *rev den*, 361 Or 885 (2017). Because the evidence was sufficient, we affirm.

The juvenile court found that the department had proved five allegations regarding each child: (1) that mother does not understand the basic needs of the children and lacks parenting skills necessary to safely parent them; (2) that mother leaves them unsupervised; (3) that her substance abuse interferes with her ability to safely parent them; (4) that she exposed them to persons who present a risk of harm to the children; and (5) that she was subjected to domestic violence and was unable to protect the children from exposure to that violence. In more than one instance, the juvenile court found that mother was not credible. The juvenile court recognized mother's love of the children and commended mother for enrolling in renewed treatment of her substance abuse after relapses. From the bench, the juvenile court explained how the substance abuse contributed to the other adverse findings and led to the ultimate conclusion that there was a present risk of harm to the children if the court did not take jurisdiction to permit the department to provide services. The children were in the care of mother's mother, and each judgment calls for a plan of reunification of the children with mother or with mother and father.

Our recital of the family's circumstances would not serve the interests of the bench or bar. The trial court's explanation of its determination, in colloquy with mother's counsel, was clear, thoughtful, and grounded in the evidence. On appeal, we conclude that the record is sufficient to support a nonspeculative conclusion that the conditions and circumstances present a current threat of serious loss

or injury to the children. *See* ORS 419B.100(1)(c); *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61-62, 308 P3d 307 (2013) (standard); *see also Dept. of Human Services v. S. A. B. O.*, 291 Or App 88, 98-101, 417 P3d 555 (2018) (insufficient evidence of nexus between risk-causing conduct and harm to child). The record supports dependency jurisdiction on each of the bases determined by the juvenile court. Therefore, the judgments are affirmed.

Affirmed.